AMERICAN SOCIETY OF AGRICULTURAL ENGINEERS v ST.
JOSEPH TOWNSHIP

1. TAXATION—STATUTES—EXEMPTIONS—CONSTRUCTION.
   Tax exemption statutes are to be strictly construed and exemptions are not to be lightly given.

2. TAXATION—EXEMPTIONS—SCIENTIFIC INSTITUTION—WORDS AND PHRASES.
   An organization which causes research to be undertaken by others and which collates, evaluates, and disseminates the results of that research and other useful knowledge which it collects and organizes is, literally speaking, a scientific institution within the intendment of statutes granting tax exemption to scientific institutions; a "scientific institution", under the language of all civilized countries, means an institution for the advancement or promotion of knowledge, which is the English rendering of "science" (MCLA 211.7, 211.9).

3. TAXATION—EXEMPTIONS—SCIENTIFIC INSTITUTION.
   Real and personal property of a "scientific" institution is entitled to a tax exemption if the institution makes a substantial contribution to the relief of the burden of government (MCLA 211.7, 211.9).

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 March 7, 1974, at Grand Rapids. (Docket No. 16455.) Decided April 30, 1974.

Complaint by the American Society of Agricultural Engineers against St. Joseph Township, Berrien County, Lake Michigan College District, Berrien County Intermediate School District, and Berrien County Building Authority, Inc., for recovery

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation § 524.
[2, 3] 51 Am Jur, Taxation §§ 554–556, 619, 640.

of taxes paid under protest. Judgment for plaintiff. Defendants appeal. Affirmed.

*Ryan, McQuillan, Vander Ploeg & Fette,* for plaintiff.

*Hartwig, Crow, Jones & Postelli; Klute, Stone & Campbell; Myron H. Wolcott;* and *Ronald J. Taylor,* for defendants.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and BASHARA, JJ.

T. M. BURNS, P. J. Defendants appeal as of right from a June 22, 1973, judgment of the Berrien County Circuit Court holding plaintiff to be exempt from the imposition of real and personal property taxes and ordering the return of those taxes already paid by plaintiff under protest to St. Joseph Township, which had been disbursed among the various defendants.

The sole issue raised by defendants on appeal is whether the trial court was correct in its finding that plaintiff was an educational or scientific institution and thus its property was exempt from taxation under §§ 7 and 9 of the general property tax law.*

Defendants argue that plaintiff was not entitled to a tax exemption for two reasons. First, defendants contend that since plaintiff's property contained neither classrooms nor faculty, it could not be considered as being utilized for educational purposes. Second, defendants maintain that since the plaintiff's property contains no research facilities or laboratories, and since no research is done on the premises, it is not being used for scientific purposes.

---

* MCLA 211.7; MSA 7.7, and MCLA 211.9; MSA 7.9.

Const 1963, art 9, § 4, states:

"Property owned and occupied by non-profit religious or educational organizations and used exclusively for religious or educational purposes, as defined by law, shall be exempt from real and personal property taxes."

Section 7 of the general property tax law, MCLA 211.7; MSA 7.7, states, *inter alia:*

"The following property shall be exempt from taxation:

\* \* \*

"Fourth, Such real estate as shall be owned and occupied by library, benevolent, charitable, educational or scientific institutions and memorial homes of world war veterans incorporated under the laws of this state with the buildings and other property thereon while occupied by them solely for the purposes for which they were incorporated."

A similar exemption from personal property taxation is provided educational and scientific institutions under MCLA 211.9; MSA 7.9. When interpreting exemption statutes, they are to be strictly construed and exemptions are not to be lightly given. *Detroit v General Foods Corporation,* 39 Mich App 180; 197 NW2d 315 (1972); *American Concrete Institute v State Tax Commission,* 12 Mich App 595; 163 NW2d 508 (1968); *David Walcott Kendall Memorial School v Grand Rapids,* 11 Mich App 231; 160 NW2d 778 (1968); *Detroit v Detroit Commercial College,* 322 Mich 142; 33 NW2d 737 (1948).

In *Engineering Society of Detroit v Detroit,* 308 Mich 539, 550; 14 NW2d 79 (1944), the Court stated that four criteria must be met before an exemption from taxation would be granted:

"(1) The real estate must be owned and occupied by the exemption claimant;

"(2) The exemption claimant must be a library, benevolent, charitable, educational or scientific institution;

"(3) The claimant must have been incorporated under the laws of this State;

"(4) The exemption exists only when the buildings and other property thereon are occupied by the claimant solely for the purposes for which it was incorporated."

The parties agree that plaintiff has satisfied requirements (1), (3), (4). However, defendants claim that plaintiff has not met requirement (2), namely, that plaintiff is neither an educational nor scientific institution.

Defendants rely primarily on *David Walcott Kendall Memorial School v Grand Rapids, supra,* and *American Concrete Institute v State Tax Commission, supra,* to support their position.

Plaintiff in the instant case is strikingly similar in character to the plaintiff in the *American Concrete Institute* case. In that case the majority felt that since the institute itself did not conduct research, but rather acted only as a collector, editor, and publisher of research done by its members, and otherwise acted solely as an administrative body, the institute was not a scientific one as contemplated by the exemption statutes.

Former Judge, now Justice, LEVIN, in his concurring opinion, disagreed with the narrow interpretation placed on the word "scientific" by the majority, when he stated, at page 609:

"Nor do I think it consequential that no research is done on the premises owned by the institute. An organization which, like the American Concrete Institute, causes research to be undertaken by others and which

collates, evaluates and disseminates the results of that research and other useful knowledge which it collects and organizes is, literally speaking, a scientific institution.[2]

---

"[2] 'A "scientific institution," under the language of all civilized countries, means an institution for the advancement or promotion of knowledge, which is the English rendering of "science".' *The Detroit Home & Day School v City of Detroit* (1889), 76 Mich 521, 523 [43 NW 593 (1889)]."

---

Judge LEVIN then went on to point out, at p 610, that in *David Walcott Kendall Memorial School, supra,* our Court declared that the general exemption under consideration may be availed of by an institution otherwise within its definition which makes a substantial contribution to the relief of the burden of government. Although this statement was made in reference to a claim of exemption as an educational institution, Judge LEVIN proposed that this same test, that is, the relief of the burden of government test, be applied in deciding whether an organization is a "scientific" institute entitled to a tax exemption.

We agree with the views expressed by Judge LEVIN in his concurring opinion in *American Concrete, supra,* and with the test set forth in *David Walcott Kendall Memorial School, supra.* In the present case, the lower court found that the plaintiff had established that its contribution to the relief of the burden of government was sufficiently substantial to warrant the claimed exemption. That conclusion is amply supported by the record and comports with the construction of the statute given by our Court in *David Walcott Kendall Memorial School, supra.*

Testimony in the present case was overwhelming as to the savings to the state government, and the benefits to the sphere of agriculture and the entire public, from the work done by the plaintiff.

Were it not for the existence of the plaintiff institution, it is clear that the burden imposed on the state government would be appreciably increased. Thus, the finding of the lower court that plaintiff was an educational or scientific institution within the meaning of the exemption statutes was proper.

Affirmed. No costs, a public question being involved.

All concurred.