## KALAMAZOO AVIATION HISTORY MUSEUM v CITY OF KALAMAZOO

Docket No. 65328. Submitted April 5, 1983, at Grand Rapids.—Decided February 6, 1984. Leave to appeal applied for.

The Kalamazoo Aviation History Museum, a nonprofit corporation which operates a museum dedicated to World War II aviation in a building located on property leased from the City of Kalamazoo, sought a personal property tax exemption as a nonprofit charitable, educational, or scientific institution. The Michigan Tax Tribunal denied the exemption, and the museum appealed. *Held:*

1. The Tax Tribunal properly concluded that the petitioner did not qualify for the tax exemption as either an educational or scientific institution, because the museum does not sufficiently relieve the educational or scientific burdens of the government to warrant the tax exemption on those grounds.

2. The Tax Tribunal erred in ruling that petitioner is not a charitable institution for purposes of the tax exemption. To qualify as a charitable institution it is sufficient that petitioner show that its property is used in such a way that there is a gift for the benefit of the general public without restriction or for the benefit of an indefinite number of persons by bringing them under the influence of education. Petitioner's activities enhance the general public's knowledge and understanding of a specific part of history. Therefore, it qualifies as a tax-exempt charitable institution.

Reversed.

1. TAXATION — PROPERTY TAX — EXEMPTIONS FROM TAXATION.

A claimant seeking exemption from personal property taxes must satisfy the following requirements: the property must be owned and used or occupied by the claimant; the claimant must qualify as a nonprofit theater, library, or charitable, educa-

REFERENCES FOR POINTS IN HEADNOTES

[1] 71 Am Jur 2d, State and Local Taxation § 366.
[2] 72 Am Jur 2d, State and Local Taxation § 787.
[3] 71 Am Jur 2d, State and Local Taxation § 326.
[4, 5] 71 Am Jur 2d, State and Local Taxation §§ 362, 363, 365, 368.

tional, or scientific institution; the claimant must be incorporated under Michigan law; and a building and property located thereon must be occupied by the claimant solely for the purpose for which the claimant was incorporated (MCL 211.7n, 211.7o, 211.9[a]; MSA 7.7[4k], 7.7[4l], 7.9[a]).

2. TAXATION — APPEAL — TAX TRIBUNAL.

Review by the Court of Appeals of a decision of the Tax Tribunal not related to valuation or allocation under property tax laws is limited to determining whether the decision is authorized by law and supported by competent, substantial, and material evidence on the whole record (Const 1963, art 6, § 28).

3. TAXATION — STATUTES — EXEMPTIONS FROM TAXATION.

Statutes granting tax exemptions are to be strictly construed in favor of the taxing unit.

4. TAXATION — EXEMPTIONS FROM TAXATION — EDUCATIONAL INSTITUTIONS — SCIENTIFIC INSTITUTIONS.

A nonprofit institution, in order to qualify as a tax-exempt educational institution, must fit into the general educational scheme provided by the state and supported by taxation so that it makes a substantial contribution to the relief of the burden of the government in educating the people; similarly, an institution seeking to qualify as a tax-exempt scientific institution must show that it makes a substantial contribution to the relief of the government's burden of producing scientific information.

5. TAXATION — EXEMPTIONS FROM TAXATION — CHARITABLE INSTITUTIONS.

A nonprofit institution, providing that it meets the other qualifications for tax exemption, may qualify for property tax exemption as a charitable institution where it shows that its property is used in such a way that there is a gift for the benefit of the general public without restriction or for the benefit of an indefinite number of persons by bringing them under the influence of education, so as to enhance the public's knowledge of a worthwhile subject.

*Brown, Colman & DeMent, P.C.* (by *John A. Campbell* and *Leo P. Goddeyne),* for petitioner.

*Don M. Schmidt,* City Attorney, and *Robert H. Cinabro,* Deputy City Attorney, for respondent.

Before: BEASLEY, P.J., and R. B. BURNS and T. C. MEGARGLE,* JJ.

R. B. BURNS, J. Petitioner appeals from an order of the Michigan Tax Tribunal declaring that petitioner was not entitled to a personal property tax exemption. We reverse.

Petitioner is a nonprofit corporation which, according to its articles of incorporation, was organized to operate "a museum to preserve the legacy of World War II aviation * * * for the purpose of educating and enhancing the knowledge of the public" about such aviation. Petitioner is located in a building on Kalamazoo City Airport property, which property is leased from the respondent city. The museum building is divided into two sections: (1) the hangar area, which houses aircraft and aircraft engines;[1] and (2) the exhibit area, which contains, among other things, World War II photographs, uniforms, paintings, plastic models of airplanes, aircraft equipment, maps, a library, newspaper front pages, and pilot-training devices. In addition to being displayed at the museum, the operational aircraft are exhibited and sometimes flown at air shows in this country and in Canada.

The museum is open Monday through Saturday from 10 a.m. to 5 p.m. and on Sundays from 1 p.m. to 5 p.m. Petitioner charges a $3 admission fee for adults and a $1 fee for senior citizens and children from ages 7-11. Special rates are available to families and school groups. The admission fees help

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The aircraft exhibited are as follows: (1) B-25 "Mitchell" bomber; (2) F-84 Thunderstreak; (3) Grumman Bearcat; (4) Republic Thunderbolt; (5) Chance Vought Corsair; (6) Curtis Warhawk "Flying Tiger"; (7) North American Texan; (8) Grumman Wildcat; (9) Boeing Stearman; (10) Grumman Hellcat; and (11) Messerschmitt. The museum also contains a restoration area open to the public, where the airplanes are rebuilt.

defray operating costs, which greatly exceed petitioner's income. In 1979, the petitioner had a total deficit of $536,270.76 and a $246,589.79 deficit in 1980.

Petitioner argued to the Tax Tribunal that it was entitled to be exempt from personal property taxes under MCL 211.9(a); MSA 7.9(a), which protects nonprofit charitable, educational, or scientific institutions.[2] It should be noted that personal property tax exemptions are also provided for such institutions under MCL 211.7n; MSA 7.7(4k) and MCL 211.7o; MSA 7.7(4l). Section 7n exempts personal property owned and occupied by a nonprofit theater, library, educational, or scientific institution, while personal property owned and occupied by charitable institutions is exempt under section 7o.

To qualify for exemption from property taxes, a claimant must satisfy the following requirements:

(1) the property must be owned and used or occupied by the exemption claimant;

(2) the exemption claimant must qualify as one of the institutions referred to in the above-quoted statutes;

(3) the claimant must be incorporated under Michigan law; and

---

[2] The statute provides in pertinent part:

"The following personal property shall be exempt from taxation:

"(a) The personal property of charitable, educational, and scientific institutions, incorporated under the laws of this state. The exemptions shall not apply to secret or fraternal societies, but the personal property of all charitable homes of the societies and nonprofit corporations which own and operate facilities for the aged and chronically ill, in which the net income from the operation of the corporations *does not inure* to the benefit of a person other than the residents shall be exempt."

Buildings located on leased lands are also included in the definition of personal property under the above-quoted section. MCL 211.8(d); MSA 7.8(d).

(4) the exemption can be applied only when the building and property thereon are occupied by the claimant solely for the purposes for which it was incorporated.

See *Engineering Society of Detroit v Detroit,* 308 Mich 539, 550; 14 NW2d 79 (1944); *Michigan United Conservation Clubs v Lansing Twp,* 129 Mich App 1; 342 NW2d 290 (1983); *American Society of Agricultural Engineers v St Joseph Twp,* 53 Mich App 45, 47; 218 NW2d 685 (1974).

The only dispute regarding this test in the present case is whether petitioner has carried its burden of proof as to the second criterion. The Tax Tribunal found that petitioner was not a charitable, educational, or scientific institution within the meaning of MCL 211.9; MSA 7.9. In reviewing a decision of the Tax Tribunal not related to valuation or allocation under property tax laws, this Court's review is limited to determining whether such decision is authorized by law and whether it is supported by competent, substantial, and material evidence on the whole record. Const 1963, art 6, § 28. *Terco, Inc v Dep't of Treasury,* 127 Mich App 220; 339 NW2d 17 (1983). Furthermore, exemption statutes are to be strictly construed in favor of the taxing unit. See *Retirement Homes v Sylvan Twp,* 416 Mich 340, 348-349; 330 NW2d 682 (1982); *Michigan Baptist Homes & Development Co v Ann Arbor,* 396 Mich 660; 242 NW2d 749 (1946).

We believe the tribunal properly concluded that petitioner was not entitled to personal property tax exemption as an educational or scientific institution. To qualify as a tax-exempt educational institution, the museum must fit into the general education scheme provided by the state and supported by taxation, so that it makes a substantial contribution to the relief of the burden of the

government in educating the people. See *Ladies Literary Club v Grand Rapids,* 409 Mich 748, 755-756; 298 NW2d 422 (1980); *Detroit v Detroit Commercial College,* 322 Mich 142; 33 NW2d 737 (1948). Similarly, to qualify as a tax-exempt scientific institution, the claimant must show that it makes a substantial contribution to the relief of the government's burden of producing "scientific" information. See *American Society of Agricultural Engineers v St Joseph Twp, supra,* pp 48-49; *American Concrete Institute v State Tax Comm,* 12 Mich App 595; 163 NW2d 508 (1968).

We do not believe that, were it not for the petitioner's operation, the state's educational and scientific burdens would be proportionately increased. While the petitioner's activities enlighten the public, the government's educational and scientific burdens are not sufficiently relieved by these activities so as to warrant personal property tax exemptions as an educational or scientific institution. *Ladies Literary Club v Grand Rapids, supra,* p 756, fn 3; *American Concrete Institute, supra,* pp 608-611 (LEVIN, J., *concurring).*

However, we do believe that petitioner is entitled to a tax exemption as a charitable institution. In *Retirement Homes v Sylvan Twp, supra,* pp 348-349, the Supreme Court set forth the following descriptions of charitable organizations entitled to tax exemption:

"In *Michigan Baptist Homes,* this Court declared that, to qualify for a charitable or benevolent tax exemption, property must be used in such a way that it 'benefit the general public without restriction'. Courts in other jurisdictions have expressed this concept in the following language:

" '[C]harity * * * [is] a *gift* to be applied consistently with existing laws, *for the benefit of an indefinite*

*number of persons,* either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or *otherwise lessening the burdens of government.'* (Emphasis supplied.)" (Footnotes omitted.)

The tribunal ruled that petitioner was not a charitable organization because: (a) war is not charitable; (b) preservation of the memory of war is not a gift of benevolence; (c) granting the exemption would extend tax-free status to all publicly oriented entities, not just the "truly benevolent, gift-giving institutions of human kindness" which were intended to benefit from the tax exemption statutes.

The tribunal's ruling constitutes a clear misapplication of the law governing the charitable institution exemption. Under the standards discussed in *Retirement Homes, supra,* it is immaterial that war is not charitable or that preserving the memory of war is not a benevolent gift. Nor is it true that gift-giving institutions of human kindness are the only nonprofit organizations entitled to property tax exemptions as charities. It is evident from the Supreme Court's definition that, when used in reference to tax exemptions, the word "charitable" has a much broader meaning than that commonly associated with the word. For petitioner to qualify as a charitable institution it is sufficient that it establish that its property is used in such a way that there is a gift for the benefit of the general public without restriction or for the benefit of an indefinite number of persons by bringing their minds or hearts under the influence of education. We believe museums such as petitioner's satisfy this standard.

Petitioner provides a place where members of the general public without restriction can learn about the aerial fighting in World War II.[3] At the museum, visitors can view the aircraft used in the war and at airshows can see how they were operated. From the other exhibits, they can learn how the aviators were trained and uniformed and how important battles were fought. The museum also has a room which contains war mementos from local persons who served in the air corps. A portion of the museum houses books and manuals concerning World War II aviation which assist those persons doing research or aircraft restoration. The museum staff contributes its time and knowledge in responding to inquiries concerning aircraft.

Petitioner's activities enhance the general public's knowledge and understanding of a specific part of history. In this way, it brings an indefinite number of persons under the influence of education and thus qualifies for a charitable exemption under MCL 211.9; MSA 7.9. Support for this analysis is found in *Michigan United Conservation Clubs v Lansing Twp, supra,* and *Kalamazoo Nature Center, Inc v Cooper Twp,* 104 Mich App 657; 305 NW2d 283 (1981). In *Michigan United Conservation Clubs* the Court noted that the conservation clubs' activities included the following: (1) contributing pamphlets and books which instruct on the values of conservation and development of natural resources; (2) contributing freely of its members'

---

[3] Petitioner is not disqualified from receiving a charitable exemption because it charges a fee which pays a fraction of its operating costs. *Retirement Homes v Sylvan Twp, supra,* p 350, fn 15. If petitioner refused to waive fees for persons who could not afford them, such policy would indicate that petitioner is not a charitable organization entitled to exemption from property taxes. However, there is no indication in the record as to petitioner's policy regarding those who cannot pay the fee.

time and staff for lectures and presentations on these subjects; and (3) conducting hunter-safety programs in youth camps. The Court stated that if such activities were the limit of the clubs' purpose, the Court would not hesitate to conclude that the clubs were entitled to a charitable exemption. However, because the clubs' activities included a considerable amount of legislative lobbying and public promotion to advance specific forms of conservation,[4] the Court viewed the clubs as substantially political organizations and, therefore, not entitled to a charitable exemption.

In *Kalamazoo Nature Center v Cooper Twp, supra,* the claimant was organized "[t]o develop in people and especially children a better understanding and appreciation of our natural surroundings and of the problems of wise management of our nature resources". 104 Mich App 659. The tribunal ruled that the claimant was a charitable association, but not an educational or scientific institution. This Court upheld the tribunal's findings that the claimant was not an educational institution.

*Michigan United Conservation Clubs* and *Kalamazoo Nature Center* teach us that where a nonprofit institution educates the public so as to enhance its understanding of a worthwhile subject the institution can qualify as a tax-exempt charitable organization, assuming it meets the other requirements for tax exemption. If a nature center which seeks to impart a better understanding of

---

[4] The Michigan United Conservation Clubs were formed to "promote and encourage the scientific management and intelligent sustained use of the above resources, recognizing as a valid management tool the harvest and use of surplus wildlife and other renewable resources" and to "protect and defend the right of our citizens to own, keep and bear arms". Thus, the clubs forcefully advance a specific viewpoint rather than restricting their teaching to the less partisan subject of conservation in general. *Michigan United Conservation Clubs, supra,* p 4.

natural resource management qualifies for a charitable exemption, or if a conservation club would qualify as a tax-exempt charity but for its political activities, we see no reason why tax-exempt status should not be accorded to a museum which preserves and informs the public about part of our history. We believe the interpretation of MCL 211.9; MSA 7.9 advanced by respondent is too restrictive and does not effectuate the Legislature's intention, which we believe is to provide a tax exemption for organizations such as petitioner.

Reversed.