OCLC ONLINE COMPUTER LIBRARY CENTER, INC v CITY OF
BATTLE CREEK

Docket No. 191360. Submitted February 11, 1997, at Grand Rapids.
Decided July 22, 1997, at 9:05 A.M.

OCLC Online Computer Library Center, Inc., a cooperative organiza-
tion of libraries that provides computerized library network ser-
vices and is a nonprofit institution for federal income tax purposes,
petitioned the Michigan Tax Tribunal for a determination whether
certain personal property owned by the petitioner and located in
the City of Battle Creek was entitled to a personal property tax
exemption because it was a charitable institution, a scientific insti-
tution, or a library. The Tax Tribunal found that the tax assessment
by the city was proper and denied the tax exemption sought by the
petitioner. The petitioner appealed.

The Court of Appeals *held*:

1. Because it was stipulated that the personal property in ques-
tion is owned by the petitioner and is being used solely for the pur-
pose for which the petitioner was incorporated, the petitioner's
right to exemption from ad valorem taxes with respect to that per-
sonal property turns on whether the petitioner is a library, charita-
ble institution, or scientific institution within the meaning of MCL
211.7n; MSA 7.7(4k).

2. Although the petitioner as an association of libraries might be
considered to be an exempt organization if it had been composed
only of exempt nonprofit libraries, the Tax Tribunal properly held
that the petitioner cannot be deemed to be a nonprofit library
within the meaning of § 7n and MCL 211.9(b); MSA 7.9(b) because
approximately fifteen percent of its member libraries are for-profit
entities.

3. The Tax Tribunal erred in holding that the petitioner was not a
charitable institution within the meaning of MCL 211.9(a); MSA
7.9(a) because the benefits of the services provided by the peti-
tioner inured to member libraries rather than the general public
and that the benefits of those services to the general public was
too attenuated to justify the grant of a property tax exemption. The
petitioner's bibliographic database benefits the participant libraries,

individual library patrons, and, ultimately, the general public. The petitioner is a charitable institution within the meaning of § 9(a).

4. There is no question that the petitioner is a scientific institution, inasmuch as the petitioner's activities serve to advance knowledge by assisting the libraries and the general public in gathering and disseminating bibliographic information. To qualify as a scientific institution within the meaning of § 9(a) so as to be entitled to exemption from ad valorem taxation, the petitioner must also show that it makes a substantial contribution to the relief of the government's burden of producing scientific information. The petitioner has shown that its providing of bibliographic services to member libraries, most of which are publicly supported institutions, makes a substantial contribution to relieving a burden that would otherwise have to be borne by the government. Accordingly, the petitioner is a scientific institution within the meaning of § 9(a), and the Tax Tribunal erred in determining otherwise.

Reversed and remanded.

1. TAXATION — PROPERTY TAX — PERSONAL PROPERTY — EXEMPTIONS FROM TAXATION.

A party is entitled to an exemption from ad valorem taxation of personal property where it is shown that the property is owned and used by the party seeking the exemption, that the party seeking the exemption is a library, benevolent, charitable, educational, or scientific institution, and that the property has been used solely for the purpose for which the party seeking the exemption was incorporated (MCL 211.7n, 211.9; MSA 7.7[4k], 7.9).

2. TAXATION — PROPERTY TAX — PERSONAL PROPERTY — LIBRARY.

An association of libraries is not entitled to library exception from ad valorem taxation of its personal property where some of the member libraries are for-profit entities (MCL 211.7n, 211.9[b]; MSA 7.7[4k], 7.9[b]).

3. TAXATION — PROPERTY TAX — PERSONAL PROPERTY — SCIENTIFIC INSTITUTION.

A party seeking an exemption from ad valorem taxation of its personal property on the basis that it is a scientific institution must establish that it is an institution for the advancement or promotion of knowledge and that it makes a substantial contribution to the relief of the government's burden of producing scientific knowledge (MCL 211.9[a]; MSA 7.9[a]).

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Samuel J. McKim, III*, and *Joanne B. Faycurry*), for the petitioner.

*Clyde J. Robinson*, Deputy City Attorney, for the respondent.

Before: SAWYER, P.J., and NEFF and HOEKSTRA, JJ.

NEFF, J. Petitioner, OCLC Online Computer Library Center, Inc., appeals as of right from the Michigan Tax Tribunal's judgment that it is not entitled to a personal property tax exemption. We reverse.

I

The parties have stipulated the following facts. Petitioner is a cooperative membership organization of libraries and is a nonprofit institution exempt from federal income tax pursuant to 26 USC 501(c)(3). Petitioner's purpose, as stated in its articles of incorporation, is to

> establish, maintain and operate a computerized library network and to promote the evolution of library use, of libraries themselves, and of librarianship, and to provide processes and products for the benefit of library users and libraries, including such objectives as increasing availability of library resources to individual library patrons and reducing rate of rise of library per-unit costs, all for the fundamental public purpose of furthering ease of access to and use of the ever-expanding body of worldwide scientific, literary and educational knowledge and information.

Libraries use petitioner's databases to catalog library materials, maintain electronic library catalogs, facilitate interlibrary loans, locate library materials, and provide reference information to patrons. Petitioner's on-line catalog is the world's largest and most comprehensive database of bibliographic information.

Any library that agrees to contribute its current catalog information to petitioner's on-line catalog may

become a member of petitioner. In order to fund its operations, petitioner charges member libraries based on their individual use of its database. Libraries are credited for any contributions of records they make to the database. None of petitioner's earnings inure to the benefit of any individual or private shareholder. At all times relevant to this appeal, approximately fifteen percent of the member libraries were for-profit libraries; approximately three percent of petitioner's revenue was derived from these for-profit libraries.

Defendant assessed petitioner taxes for the years 1992 and 1993 on its personal property located in Battle Creek, including computer equipment located at Kellogg Community College and Willard Library, and related telecommunications equipment located elsewhere in the city. Petitioner filed a petition with the Tax Tribunal, claiming that it is exempt from property taxes because it is a charitable institution, a scientific institution, or a library. The Tax Tribunal rejected petitioner's petition and affirmed the assessments at issue.

II

This Court generally defers to the decisions of the Tax Tribunal, and judicial review is limited to determining whether the tribunal erred in applying the law or adopted a wrong principle. Const 1963, art 6 § 28; *Rose Hill Center, Inc v Holly Twp*, 224 Mich App 28, 31; 568 NW2d 332 (1997). Petitioner must prove by a preponderance of the evidence that it is entitled to a property tax exemption. *Holland Home v Grand Rapids*, 219 Mich App 384, 393-396; 557 NW2d 118 (1996). In determining whether petitioner met this burden, we note that tax exemption statutes must be

strictly construed in favor of the taxing unit. *DeKon-ing v Dep't of Treasury*, 211 Mich App 359, 361-362; 536 NW2d 231 (1995). However, this Court will not uphold a strained construction adverse to the Legislature's intent. *Holland Home, supra* at 396.

The following test, although couched in terms of real estate, applies equally in determining whether a party qualifies for a personal property exemption if the references to realty are treated as references to personalty:

(1) The real estate must be owned and occupied by the exemption claimant;

(2) The exemption claimant must be a library, benevolent, charitable, educational or scientific institution;

(3) The claimant must have been incorporated under the laws of this State;

(4) The exemption exists only when the building and other property thereon are occupied by the claimant solely for the purpose for which it was incorporated. [*Edsel & Eleanor Ford House v Village of Grosse Pointe Shores*, 134 Mich App 448, 455; 350 NW2d 894 (1984).]

In the present case, the parties stipulated that the first and fourth factors have been met. The third is no longer required, having been found to be unconstitutional. See *Chauncey & Marion Deering McCormick Foundation v Wawatam Twp*, 186 Mich App 511, 515; 465 NW2d 14 (1990). Therefore, the sole issue is whether petitioner is a library, a charitable institution, or a scientific institution.[1]

---

[1] Petitioner does not assert that it is an educational institution.

A

Petitioner argues that as an association of libraries, its property is exempt from taxation pursuant to the following statutes:

> Real estate or personal property owned and occupied by nonprofit theater, library, education, or scientific institutions incorporated under the laws of this state with the buildings and other property thereon while occupied by them solely for the purpose for which the institutions were incorporated is exempt from taxation under this act . . . . [MCL 211.7n; MSA 7.7(4k).]
>
> The following personal property is exempt from taxation:

$$* \quad * \quad *$$

> (b) The property of all library associations, circulating libraries, libraries of reference, and reading rooms owned or supported by the public and not used for gain. [MCL 211.9; MSA 7.9.]

In support of this claim, petitioner likens itself to the plaintiff in *Hosp Purchasing Service of Michigan v City of Hastings*, 11 Mich App 500, 506; 161 NW2d 759 (1968), in which this Court held that the plaintiff, an association of tax-exempt charitable hospitals, was exempt as a charitable institution because all of its member hospitals were unquestionably charitable institutions, and only tax-exempt hospitals could qualify for membership with the plaintiff. In so holding, this Court stated, "[I]t would be unwise to interpret the statutory provisions under scrutiny here so as to conclude that what is free from taxation when accomplished by hospitals individually, is suddenly subject to taxation when hospitals act in concert." *Id.*

Here, in contrast, approximately fifteen percent of petitioner's members are for-profit entities, and

approximately three percent of petitioner's revenues are derived from these for-profit libraries. Petitioner characterizes the inclusion of these for-profit libraries in its membership as de minimis. This argument misses the mark, because this is not a situation where an otherwise exempt organization is involved in de minimis nonexempt activity. See, e.g., *Saginaw Co Agricultural Society v Saginaw*, 142 Mich App 173; 368 NW2d 878 (1984); *American Legion Memorial Home Ass'n of Grand Rapids v Grand Rapids*, 118 Mich App 700; 325 NW2d 543 (1982); *Christian Reformed Church in North America v Grand Rapids*, 104 Mich App 10; 303 NW2d 913 (1981). The Tax Tribunal properly determined that because petitioner includes for-profit libraries in its membership, petitioner is not a "library" as that term is used in MCL 211.7n; MSA 7.7(4k) and MCL 211.9(b); MSA 7.9(b).

B

Petitioner argues that its personal property should enjoy tax-exempt status under MCL 211.9(a); MSA 7.9(a), which exempts from taxation "[t]he personal property of charitable, educational, and scientific institutions." We agree.

1

For the proper test of what is a charitable institution, we look to the following definition of "charity":

"[Charity] . . . [is] a *gift*, to be applied consistently with existing laws, *for the benefit of an indefinite number of persons*, either by bringing their minds or hearts under the influence of education or religion, or relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or *otherwise lessening the bur-*

*dens of government."* [*Michigan United Conservation Clubs v Lansing Twp,* 423 Mich 661, 671; 378 NW2d 737 (1985) (*MUCC*), quoting *Retirement Homes of the Detroit Annual Conference of the United Methodist Church, Inc, v Sylvan Twp,* 416 Mich 340, 348-349; 330 NW2d 682 (1982) (emphasis in *Retirement Homes*).]

To qualify as a charitable institution, petitioner's activities, taken as a whole, must constitute a charitable gift for the benefit of the general public without restriction for the benefit of an indefinite number of persons. *Retirement Homes, supra* at 349.

The tribunal determined that petitioner was not a charitable institution, in part, because the benefits inured to the member libraries rather than the general public.[2] Citing *MUCC, supra,* the tribunal opined that the benefit to the general public was too attenuated to justify the grant of a property tax exemption. We reject the tribunal's analysis as too narrow.

In *MUCC,* use of the plaintiff's property and library was generally not available to nonmembers. *Id.* at 674. Here, in contrast, petitioner's self-described purpose is to "further[] access to and use of the ever-expanding body of worldwide scientific, literary and educational knowledge and information." Such a benefit to a library is, in effect, a benefit to its patrons.

---

[2] The tribunal also stated that petitioner was not a charitable institution because member libraries paid for all services used. This determination was erroneous, because the mere fact that petitioner charges for use of its services does not negate its status as a charitable institution. See, e.g., *Oakwood Hosp Corp v State Tax Comm,* 374 Mich 524, 531; 132 NW2d 634 (1965). The parties' stipulations indicate that the fees charged by petitioner do not inure directly or indirectly to any individuals or private shareholders. Petitioner credits member libraries for contributions made to petitioner's database, and, as technological advances continue to streamline information gathering, petitioner returns its savings to the libraries. Further, it appears that the ultimate beneficiaries of petitioner's services, the library patrons, are not charged a fee at all.

Indeed, a library exists to provide services to its patrons and for no other purpose. Petitioner's bibliographic database benefits the participant libraries, individual library patrons, and, ultimately, the general public. We thus conclude that petitioner qualifies as a "charitable institution" as that term is used in MCL 211.9(b); MSA 7.9(b).

2

Petitioner also claims that it is a scientific institution for purposes of the tax exemption because its activities substantially contribute to the advancement of knowledge in terms of collecting, collating, and disseminating bibliographic information. We agree.

It has long been held that "[a] 'scientific institution,' under the language of all civilized countries, means an institution for the advancement or promotion of knowledge, which is the English rendering of "science." *Detroit Home & Day School v Detroit,* 76 Mich 521, 523; 43 NW 593 (1889). Here, it is without question that petitioner's activities serve to advance knowledge by assisting libraries and the general public in the gathering and dissemination of bibliographic information. Consequently, petitioner's actions are, literally speaking, scientific. See *American Society of Agricultural Engineers v St Joseph Twp,* 53 Mich App 45; 218 NW2d 685 (1974) (tax exemption affirmed where the plaintiff collected, edited, and published research done by its members).

This is not the only consideration, however. To qualify as a "scientific institution" entitled to a tax exemption, petitioner must show that it makes a substantial contribution to the relief of the government's burden of producing "scientific" information.

*Kalamazoo Aviation History Museum v Kalamazoo*, 131 Mich App 709, 714; 346 NW2d 862 (1984). What constitutes a "substantial contribution" will necessarily vary with each situation. See, e.g., *Ladies Literary Club v Grand Rapids*, 409 Mich 748, 756; 298 NW2d 422 (1980); *American Society of Agricultural Engineers, supra* at 49-50.

In the present case, we find that petitioner's scientific activities sufficiently relieve the burden of the state that petitioner is entitled to enjoy tax-exempt status as a scientific institution. The Michigan Constitution requires that the Legislature provide for the establishment and support of public libraries. 1963 Const, art 8, § 9. The majority of petitioner's member libraries are publicly supported institutions, and state libraries themselves use petitioner's services. Because libraries necessarily catalog their information, petitioner's efforts enable these libraries to serve their patrons with more efficiency, thus relieving a governmental burden. Were it not for petitioner's efforts, the burden imposed on the state government would be appreciably increased.

Accordingly, petitioner has met its burden of establishing that it is a scientific institution as that term is used in MCL 211.9(a); MSA 7.9(a). The tribunal erred in determining otherwise.

III

We reverse the determination of the Tax Tribunal and remand this case for further proceedings consistent with this opinion. We do not retain jurisdiction.

No taxable costs pursuant to MCR 7.219, a question of public policy being involved.