# STATE OF MICHIGAN

# COURT OF APPEALS

SBC HEALTH MIDWEST, INC.,

Petitioner-Appellant,

V

CITY OF KENTWOOD,

Respondent-Appellee.

UNPUBLISHED
March 19, 2015

No. 319428
Tax Tribunal
LC No. 00-416230

Before: MURPHY, P.J., and METER and SERVITTO, JJ.

PER CURIAM.

Petitioner appeals as of right the Tax Tribunal's grant of summary disposition in favor of respondent in this tax exemption case. Because MCL 211.9(1)(a) does not require that an educational institution be nonprofit in order to qualify for the tax exemption contained therein, we reverse and remand for the Tax Tribunal to consider whether petitioner meets the criteria for exemption under MCL 211.9(1)(a) regardless of its for profit status.

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition. *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). In evaluating a motion for summary disposition brought under (C)(10), a reviewing court considers affidavits, pleadings, depositions, admissions and other evidence submitted by the parties in the light most favorable to the party opposing the motion. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996); MCR 2.116(G)(5). If the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. *Id.* at 362–363. Issues of statutory interpretation are also reviewed de novo. *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006).

Decisions from the tax tribunal are reviewed for a misapplication of law or adoption of a wrong legal principle. *Wexford Med Group v City of Cadillac*, 474 Mich 192, 201; 713 NW2d 734 (2006). This Court reviews the tax tribunal's interpretation of a tax statute de novo. *Id.*

Petitioner, a for-profit entity, operates Sanford-Brown College Grand Rapids, a post secondary school, on the location of the subject taxed property. Petitioner protested the assessment of taxes on the property and the local Board of Review affirmed the assessments.

-1-

Petitioner thus filed a petition with the Tax Tribunal, claiming entitlement to a tax exemption for the property under MCL 211.9(1)(a). The Tax Tribunal denied petitioner's motion for summary disposition and granted summary disposition in favor of respondent, finding that MCL 211.9(1)(a) must be read in *pari materia* with MCL 211.7n. The Tax Tribunal determined that when the two statutes (which relate to the same general subject matter and have the same general purpose) are read together, the most recent and specific of the two, being MCL 211.7n must prevail if there is any conflict between the two. The Tax Tribunal concluded that because MCL 211.7n exempts from taxation only real estate and personal property owned and occupied by nonprofit institutions, petitioner was not entitled to an exemption under MCL 211.7n or, by relevant interpretation, MCL 211.9(1)(a).

On appeal, petitioner contends that MCL 211.9(1)(a) exempts from taxation the personal property of educational institutions such as itself without regard to whether the institution is for profit and that the Tax Tribunal erred in reading and applying the requirement of nonprofit status set forth in MCL 211.7n into MCL 211.9(1)(a). We agree.

Generally, tax laws are construed in favor of the taxpayer. *Sharper Image Corp v Dept of Treasury*, 216 Mich App 698, 702; 550 NW2d 596 (1996). However, tax exemptions are to be construed strictly against the tax payer. *Sandy Pines Wilderness Trans, Inc v Salem Twp*, 232 Mich App 1, 13-14; 591 NW2d 658 (1998). Additionally, while tax-exemption statutes are strictly construed in favor of the government, they are to be interpreted according to ordinary rules of statutory construction. *Inter Co-op Council v Tax Tribunal Dept of Treasury*, 257 Mich App 219, 223; 668 NW2d 181 (2003).

MCL 211.9 provides:

(1) The following personal property, and real property described in subdivision (j)(*i*), is exempt from taxation:

(a) The personal property of charitable, educational, and scientific institutions incorporated under the laws of this state. This exemption does not apply to secret or fraternal societies, but the personal property of all charitable homes of secret or fraternal societies and nonprofit corporations that own and operate facilities for the aged and chronically ill in which the net income from the operation of the nonprofit corporations or secret or fraternal societies does not inure to the benefit of a person other than the residents is exempt.

MCL 211.7n, on the other hand, states:

Real estate or personal property owned and occupied by nonprofit theater, library, educational, or scientific institutions incorporated under the laws of this state with the buildings and other property thereon while occupied by them solely for the purposes for which the institutions were incorporated is exempt from taxation under this act. In addition, real estate or personal property owned and occupied by a nonprofit organization organized under the laws of this state devoted exclusively to fostering the development of literature, music, painting, or sculpture which substantially enhances the cultural environment of a community

-2-

as a whole, is available to the general public on a regular basis, and is occupied by it solely for the purposes for which the organization was incorporated is exempt from taxation under this act.

Clearly, MCL 211.9(1)(a) exempts from taxation only personal property, and real property as described in subdivision (j)(*i*), which is owned by a charitable, educational or scientific institution. Real property referenced in (j)(*i*) is property actually used in agricultural operations and is not at issue in the present matter. To qualify as a tax-exempt educational institution, the institution must fit into the general education scheme provided by the state and supported by taxation, so that it makes a substantial contribution to the relief of the burden of the government in educating the people. *Kalamazoo Aviation History Museum v City of Kalamazoo*, 131 Mich App 709, 713-14; 346 NW2d 862 (1984).

MCL 211.9(1)(a) is not ambiguous. Under the most basic rule of statutory construction, then, we read and apply the actual terms of the unambiguous statute, as is our duty. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 58; 642 NW2d 663 (2002). As indicated by Our Supreme Court:

> If the statute's language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written. A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. [*Roberts,* 466 Mich at 63].

Applying the unambiguous language of MCL 211.9(1)(a) to the facts at hand, the personal property of petitioner, if it is an educational institution incorporated under the laws of this state, is exempted from taxation. The Tax Tribunal erred in holding otherwise.

Because the Tax Tribunal and respondent rely so heavily upon MCL 211.7n, we will briefly address this provision. First, MCL 211.7n exempts from taxation real estate or personal property owned and occupied by a nonprofit theater, library, educational, or scientific institution. We note that MCL 211.7n employs the phrase "owned *and* occupied" addressing the property subject to taxation, and the tax exemption claimed in the instant matter concerns a personal property exemption. One does not ordinarily envision "personal property" of the sort being claimed exempt by petitioner here as being "occupied" or subject to occupation as referenced in MCL 211.7n, lending serious doubt to whether that statute would be at all applicable to the facts at hand.

Next, "the interpretive aid of the doctrine of in *pari materia* can only be utilized in a situation where the section of the statute under examination is itself ambiguous." *Tyler v Livonia Pub Sch*, 459 Mich 382, 392; 590 NW2d 560 (1999), citing *Voorhies v Faust*, 220 Mich 155, 157; 189 NW 1006 (1922). As indicated above, MCL 211.9(1)(a) is unambiguous, rendering use of the doctrine of in *pari materia* concerning MCL 211.7n unnecessary. Thus, even if MCL 211.7n were applicable and required an educational institution to be nonprofit in order to qualify for the tax exemption contained therein, the most that can be said is that petitioner would not qualify for an exemption under MCL 211.7n. This does not result in petitioner being deprived of a tax exemption under MCL 211.9(1)(a) if it otherwise applies.

Because MCL 211.9(1)(a) does not require that an educational institution be nonprofit in order to receive the benefit of the exemption, petitioner is entitled to the tax exemption set forth in that section so long as it meets the necessary requirements of that provision. The Tax Tribunal is directed to consider whether petitioner meets the requirements of MCL 211.9(1)(a) and is thus entitled to the exemption set forth therein.

Reversed and remanded. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Deborah A. Servitto