INTER COOPERATIVE COUNCIL v DEPARTMENT OF TREASURY

Docket No. 236652. Submitted April 8, 2003, at Lansing. Decided June 24, 2003, at 9:05 A.M. Leave to appeal sought.

Inter Cooperative Council claimed homestead exemptions as a non-profit cooperative housing corporation under MCL 211.7dd(a) of the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, for seventeen houses it owned in the city of Ann Arbor for the 1994 tax year and all succeeding tax years. The houses were occupied by university students who each purchased a defined number of cooperative member shares and paid a one-time nonrefundable membership fee. The Department of Treasury denied the claim, and Inter Cooperative Council filed a petition for appeal in the Small Claims Division of the Tax Tribunal, which affirmed the denial of the claim on the basis that the petitioner failed to meet the federal definition of a "cooperative housing corporation" for purposes of the GPTA. The petitioner filed a delayed application for leave to appeal to the Court of Appeals, which was denied. The Supreme Court, in lieu of granting the petitioner leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. *Inter-Cooperative Council v Dep't of Treasury*, 465 Mich 869 (2001).

The Court of Appeals *held*:

The homestead-exemption statute, MCL 211.7cc(1), exempts a homestead from local school district taxes. Under MCL 211.7dd(a), a "homestead" includes property owned by a "cooperative housing corporation" and occupied as a principal residence by tenant stockholders. Although the term "cooperative housing corporation" is not defined in the GPTA, the act may be read in pari materia with the Income Tax Act, MCL 206.1 *et seq.*, which uses the same terminology and provides that any term used in that act shall have the same meaning as that used in the federal income-tax laws. MCL 206.2(2). The Internal Revenue Code defines "cooperative housing corporation" as a corporation "each of the stockholders of which is entitled, solely by reason of his ownership of stock in the corporation, to occupy for dwelling purposes a house, or an apartment in a building, owned or leased by such corporation." 26 USC 216(b)(1)(B). The term "apartment in a building" has been defined as meaning an independent housekeeping unit with one or more

rooms, and which contains facilities for cooking, sleeping, and sanitation normally found in a principal residence. Pursuant to these definitions, the tribunal did not err in concluding that the petitioner's houses did not fall within the IRC's definition of "cooperative housing corporation," and thus within the homestead-exemption statute, because the space accommodations for the majority of the petitioner's members were not separate and independent units with their own sleeping, cooking, and sanitation facilities.

Affirmed.

*Honigman Miller Schwartz and Cohn, LLP* (by *Frederick M. Baker, Jr.*), for the petitioner.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Ross H. Bishop*, Assistant Attorney General, for the respondent.

Before: TALBOT, P.J., and SAWYER and O'CONNELL, JJ.

TALBOT, P.J. Petitioner Inter Cooperative Council appeals as on leave granted following a remand from our Supreme Court in lieu of granting leave to appeal. *Inter-Cooperative Council v Dep't of Treasury*, 465 Mich 869 (2001). Petitioner appeals the judgment of the Tax Tribunal affirming respondent Department of Treasury's denial of petitioner's claim for a homestead exemption for the 1994 tax year and all succeeding years. We affirm.

### I. FACTS AND PROCEDURAL HISTORY

Petitioner owns seventeen houses in the city of Ann Arbor. According to a sample membership contract that petitioner offered into evidence, petitioner provides low-cost housing to university students who purchase a defined number of cooperative member shares and pay a one-time nonrefundable membership fee. The membership contract states that petitioner is

a "non-profit cooperative membership corporation," subject to "the Consumer Cooperative Act."

In February 1994, petitioner filed affidavits with respondent for each of the seventeen houses, claiming entitlement to a homestead exemption as a non-profit cooperative housing corporation pursuant to MCL 211.7dd(a) of the General Property Tax Act (GPTA), MCL 211.1 *et seq.* A hearing referee for respondent looked to the definition of "cooperative housing corporation" in the Internal Revenue Code (IRC), 26 USC 216(b)(1), and recommended that the claim be denied on the ground that petitioner failed to meet the federal definition of "cooperative housing corporation" for purposes of the GPTA. Petitioner appealed to the Small Claims Division of the tribunal, which denied the claim on the same ground.[1]

## II. STANDARD OF REVIEW

"This Court's authority to review a decision of the Tax Tribunal is very limited." *Michigan Milk Producers Ass'n v Dep't of Treasury*, 242 Mich App 486, 490; 618 NW2d 917 (2000). Appellate review is limited to deciding if the tribunal's factual findings are supported by competent, material, and substantial evidence on the record. Const 1963, art 6, § 28. "In the absence of an allegation of fraud, this Court's review of a Tax Tribunal decision is limited to determining whether the tribunal committed an error of law or adopted a wrong legal principle." *Michigan Milk Producers Ass'n, supra* at 490. Substantial evidence is

---

[1] Because the case was heard in the Small Claims Division of the tribunal, there is no record of the hearing. Accordingly, we decide the issues in this case by relying on the opinion and judgment of the tribunal.

"the amount of evidence that a reasonable mind would accept as sufficient to support a conclusion," and it may be "substantially less than a preponderance." *In re Payne*, 444 Mich 679, 692, 698; 514 NW2d 121 (1994).

Statutory interpretation is a question of law that is reviewed de novo. *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 739; 641 NW2d 567 (2002). This Court defers to the tribunal's interpretation of a statute that it is charged with administering and enforcing. *Michigan Milk Producers Ass'n, supra* at 491. Although tax laws are construed against the government, tax-exemption statutes are strictly construed in favor of the taxing unit. *DeKoning v Dep't of Treasury*, 211 Mich App 359, 361-362; 536 NW2d 231 (1995).

### III. ANALYSIS

The issue before the tribunal was whether petitioner was a "cooperative housing corporation" for purposes of the homestead-exemption statute, MCL 211.7cc and 7dd(a) of 1994 PA 237.[2] Because the GPTA does not provide a definition for "cooperative housing corporation," the tribunal looked to the definition provided by the federal Income Tax Act of the IRC, 26 USC 216(b), and determined that petitioner was not a cooperative housing corporation for purposes of the homestead-exemption statute. On appeal, petitioner argues that the tribunal erred as a matter of law when

---

[2] We note that the Legislature has enacted certain amendments to the provisions in MCL 211.7cc and 7dd. The amendments do not affect the decision in this case.

it looked to the IRC for the definition of "cooperative housing corporation." We disagree.

While tax-exemption statutes are strictly construed in favor of the government, they are to be interpreted according to ordinary rules of statutory construction. *Cowen v Dep't of Treasury*, 204 Mich App 428, 431; 516 NW2d 511 (1994). When interpreting statutes, our primary goal is to determine and give meaning to the Legislature's intent. *McJunkin v Cellasto Plastic Corp*, 461 Mich 590, 598; 608 NW2d 57 (2000). "[W]here a statute does not define a term, we will ascribe its plain and ordinary meaning." *Western Michigan Univ Bd of Control v Michigan*, 455 Mich 531, 539; 565 NW2d 828 (1997). Once we ascertain the Legislature's intent, it must prevail despite any conflicting rule of statutory construction. *Terzano v Wayne Co*, 216 Mich App 522, 526-527; 549 NW2d 606 (1996). This Court may determine legislative intent by considering the language of the statute and the general scope the statute seeks to accomplish or the evil it seeks to remedy. *Cowen, supra* at 431-432. Moreover, we will not extend the scope of tax laws by implication or forced construction. *Id.* at 432.

The homestead-exemption statute, MCL 211.7cc(1), exempts a homestead from local school district taxes. According to MCL 211.7dd(a), a "homestead" includes "[1] property owned by a *cooperative housing corporation* and [2] occupied as a principal residence by tenant stockholders." (Emphasis added.)

Thus, petitioner must first be a "cooperative housing corporation" to qualify for the homestead exemption. Every word or phrase contained in a statute should be accorded its plain and ordinary meaning. *Slater v Ann Arbor Pub Schools Bd of Ed*, 250 Mich

App 419, 428-429; 648 NW2d 205 (2002). Here, the meaning of the term "cooperative housing corporation" is not plain or ordinary. There is nothing in Michigan law that defines the term "cooperative housing corporation," and we found no published cases that provide guidance in interpreting this term.

Petitioner asserts that the plain meaning of the homestead-exemption statute conveys the legislative intent to exempt "cooperative housing corporations" without qualification. However, petitioner fails to point to anything in the statute that supports such argument and we do not find anything in the language of the homestead-exemption statute that clearly and unambiguously indicates legislative intent to that effect.

Petitioner also asserts that the term is not defined in the homestead-exemption statute or in the GPTA because the term has "long been familiar" to the Legislature. In effect, petitioner requests that we apply the definition of "cooperative corporation,"[3] of the General Corporation Act, MCL 450.98 *et seq.*, and the

---

[3] MCL 450.98(1) provides:

Corporations organized to conduct a lawful business which limits the dividends payable upon stock investment in the case of corporations with capital stock and membership investment in the case of membership corporations without capital stock to not in excess of 8% per annum or which limits the voting rights of stockholders or members to 1 vote regardless of the number of shares of stock or membership held, and in any case do not conduct more than 50% of their business or services with nonstockholders or nonmembers, shall be governed by this act, except as specifically otherwise provided and except for cooperatives organized under chapter 11 of Act No. 162 of the Public Acts of 1982, being sections 450.3100 to 450.3192 of the Michigan Compiled Laws, as to the mode of corporate management, manner of distribution of earnings and profits, their powers, and optional principles of doing business.

definition of "consumer cooperative"[4] under the Consumer Cooperative Act, MCL 450.3100 *et seq.*, to discern the meaning of "cooperative housing corporation" for purposes of the homestead-exemption statute. We disagree. Statutes relating to the same subject matter or sharing a common purpose are in pari materia and must be read together, even though the statutes were enacted at different times and contain no reference to each other. *State Treasurer v Schuster*, 456 Mich 408, 417; 572 NW2d 628 (1998). The language of the General Corporation Act indicates that its purpose is the regulation of corporations. Similarly, the language of the Consumer Cooperative Act indicates that its purpose is to regulate consumer cooperatives. Neither of the two acts is in pari materia with the GPTA where the scope and aim of the two statutes are distinct and unconnected with the GPTA. See *Beznos v Dep't of Treasury (On Remand)*, 224 Mich App 717, 722; 569 NW2d 908 (1997). The purpose of the GPTA is to control the taxation of property and the purpose of the challenged statute is to provide property-tax exemptions for homesteads.

Moreover, we presume that every word in a statute has some meaning, and this Court should avoid any construction that would render any part of a statute surplusage or nugatory. *Karpinski v St John Hosp-Macomb Ctr Corp*, 238 Mich App 539, 543; 606 NW2d

---

[4] MCL 450.3103(2) provides that a "consumer cooperative" means

a cooperative the majority of the votes of which are held by consumers, or, in the case of a cooperative which provides residential dwelling units, the majority of the votes of which are held by consumers and the majority of members of which do not have the right of possession or occupancy of dwelling units they do not occupy.

45 (1999). The two definitions advanced by petitioner do not convey the Legislature's intent with respect to the meaning of the term "cooperative housing corporation." To conclude that the Legislature intended to subject the term "cooperative housing corporation" to either of the above definitions would render the term redundant. Therefore, we decline to apply these definitions.

We are persuaded by respondent's argument that the GPTA should be read in pari materia with the Michigan Income Tax Act of 1967 (ITA), MCL 206.1 *et seq.* The two acts include the same terms. The homestead-exemption statute in the GPTA defines "homestead" as "that portion of a dwelling or unit in a multiple-unit dwelling that is subject to ad valorem taxes and is owned and occupied as a principal residence by an owner of the dwelling or unit." MCL 211.7dd(a). A homestead also includes "property owned by a cooperative housing corporation and occupied as a principal residence by tenant stockholders." *Id.* The act defines "owner" to include a "cooperative housing corporation." MCL 211.7dd(b)(vii). On the other hand, the ITA defines "homestead" as "a dwelling or unit in a multiple-unit dwelling that is subject to ad valorem taxes . . . owned and occupied as a home by the owner of the dwelling or unit . . . ." MCL 206.508(2). The act defines "owner" as "a tenant-stockholder of a cooperative housing corporation." MCL 206.510(2). Although the two acts relate to different subject matters, one being property taxes and the other income taxes, they serve the same purpose in that they provide homestead owners with tax exemptions or tax credits. Specifically, they provide tax exemptions and tax credits to the "tenant stockholders" of housing

owned by a "cooperative housing corporation." Therefore, the two statutes are in pari materia and should be construed together.

The ITA does not define the term "cooperative housing corporation." However, the act provides that

> [a]ny term used in this act shall have the same meaning as when used in comparable context in the laws of the United States relating to federal income taxes unless a different meaning is clearly required. . . . [MCL 206.2(2).]

In this case, the tribunal looked to § 216 of the IRC, 26 USC 216, which uses the same terms "cooperative housing corporation" and "tenant-stockholder." Section 216(a) allows a "tenant-stockholder" to deduct amounts paid or accrued to a "cooperative housing corporation" within a taxable year. Because the context of § 216 is comparable to the provisions in the two Michigan acts at issue, we conclude that the tribunal properly looked to this section in the IRC.

We reject petitioner's argument that the Legislature could not have intended the import of the federal definition of the two terms into the homestead-exemption statute because the terms in that statute were introduced over two decades after MCL 206.2(2) of the ITA was enacted. This Court presumes that when the Legislature enacts new laws it is aware of existing statutes. *Consumers Power Co v Dep't of Treasury*, 235 Mich App 380, 387; 597 NW2d 274 (1999). Moreover, the Legislature is presumed to be familiar with the principles of statutory construction. *Nation v WDE Electric Co*, 454 Mich 489, 494-495; 563 NW2d 233 (1997). Thus, we assume that the Legislature was aware of the existence of the terms "cooperative housing corporation" and "tenant stockholders" in the

ITA, and that the Legislature knew that the doctrine of in pari materia was a well-established principle in Michigan case law. This leads to the conclusion that the Legislature intended that the above terms be used in subsection 7dd(a) and that, reading the statute in pari materia with the ITA, their meaning would be the same as the comparable definitions in the IRC.

Petitioner next argues that the tribunal misapplied the IRC definition of "cooperative housing corporation."[5] In this case, the tribunal ruled that petitioner was ineligible for a homestead tax exemption because petitioner was not a "cooperative housing corporation." The tribunal found that petitioner's houses did not meet the requirements of the federal definition of the term because the space accommodations for the majority of the members were not separate and independent units with their own sleeping, cooking, and sanitation facilities.

In pertinent part, 26 USC 216(b)(1) provides that the term "cooperative housing corporation" means a corporation

> (B) each of the stockholders of which is entitled, solely by reason of his ownership of stock in the corporation, to occupy for dwelling purposes *a house, or an apartment in a building*, owned or leased by such corporation . . . . [Emphasis added.]

Petitioner takes issue with one of the two Internal Revenue Service (IRS) rulings on which the tribunal relied in interpreting the term "apartment in a building." In Ruling 74-241, the IRS defined the term "apart-

---

[5] Petitioner also argues that the tribunal improperly applied the federal definition to the term "tenant stockholders." In light of our resolution in this case, we do not address this argument.

ment in a building" for purposes of subsection 216(b)(1)(B) as meaning "an independent housekeeping unit consisting of one or more rooms which contains facilities for cooking, sleeping, and sanitation normally found in a principal residence." The IRS concluded that a room in a single-family house owned by a cooperative housing corporation was not an "apartment in a building" for purposes of subsection 216(b)(1)(B).

Petitioner does not distinguish the facts in this case with the facts in Ruling 74-241. Rather, petitioner argues that the term "apartment in a building" is inapplicable because it is not found or implied in the homestead-exemption statute. We disagree. As previously discussed, the tribunal properly looked to the IRC for the definition of "cooperative housing corporation." The IRS ruling made a determination with respect to the language of the federal definition. In light of the above, we conclude that the tribunal properly determined that petitioner was not a "cooperative housing corporation" for purposes of the homestead-exemption statute. Accordingly, we do not address petitioner's remaining issues on appeal.

Affirmed.