STATE OF MICHIGAN
COURT OF APPEALS

| | |
|---|---|
| SWISS FARMS, INC., | UNPUBLISHED |
| | October 13, 2015 |
| Petitioner-Appellee, | |
| v | No. 322217 |
| | Tax Tribunal |
| DEPARTMENT OF TREASURY, | LC No. 00-461325 |
| Respondent-Appellant. | |

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

Respondent, the Department of Treasury, appeals as of right from the Michigan Tax Tribunal's order granting petitioner, Swiss Farms, Inc., a principal residence exemption for the 2008, 2009, 2010, and 2011 tax years. Because we find no error of law in the Tax Tribunal's determination that Swiss Farms is an "owner" entitled to a principal residence exemption under MCL 211.7cc, we affirm.

I. FACTS AND PROCEDURAL HISTORY

Swiss Farms is a nonprofit corporation that owns approximately 94 acres of land in Metamora, Michigan. As detailed in Swiss Farms' Articles of Incorporation, the purpose of the corporation is:

> To own, maintain, and operate a private camp for the enjoyment of the members and their families of this organization, and in general, to carry on any business in connection therewith and incident thereto not forbidden by the laws of the State of Michigan and with all the powers conferred upon non-profit corporations by the laws of the State of Michigan.

Swiss Farms has 30 members, each of whom is issued a "membership certificate."[1] The bylaws provide that each member has an "undivided proportionate share of the assets of [Swiss Farms]."

---

[1] Swiss Farms also has an unspecified number of "associate members," who have no property or voting rights in Swiss Farms and yet pay a $50 annual fee. According to Swiss Farms'

-1-

Each member is also specifically assigned one of 30 lots included in Swiss Farms' 94 acres of land. Under the bylaws, members are entitled to the occupancy of a particular lot, and the lots may only be used for residential purposes. More fully, as set forth in Swiss Farms' bylaws:

> The purpose of [Swiss Farms] is to provide its shareholders with *the use of a lot* of approximately 1 1/2 acres, *suitable for building a home or cottage*. The land not used for building lots shall be used in the common interests of all shareholders. [Swiss Farms] owns all the property. The farmhouse can be used for parties, showers, etc. by getting permission from the Board of Directors in advance. [Emphasis added.]

It is not entirely clear from the Tax Tribunal record whether residences have been constructed on all of the lots at this time, but, according to Swiss Farms' representations in the Tax Tribunal, currently 18 of the shareholders use homes constructed on their lots as principal residences.

In relation to the property, for several years, Swiss Farms claimed a principal residence exemption as an "owner" under MCL 211.7cc of the General Property Tax Act (GPTA), MCL 211.1 *et seq* based on the assertion that Swiss Farms is a "cooperative housing corporation" within the meaning of MCL 211.7dd. However, in 2011, respondent denied petitioner a principal residence exemption for the years 2008 through 2011. Thereafter, petitioner filed an appeal to the Michigan Tax Tribunal. Swiss Farms claimed that, because it was a cooperative housing corporation, it was entitled to a principal residence exemption. Although the hearing referee initially ruled in respondent's favor, the Tax Tribunal ultimately agreed with Swiss Farms' assertion that that Swiss Farms met the definition of cooperative housing corporation set forth in 26 USC 216(b)(1).

Specifically, relevant to the present appeal, the hearing referee concluded that Swiss Farms did not constitute a cooperative housing corporation because its corporate purpose, as set forth in its articles of incorporation and by-laws, was to provide a "private camp for the enjoyment of the members" and to provide shareholders with the "use of a lot." The hearing referee also concluded that Swiss Farms could not constitute a cooperative housing corporation because it was a "membership" organization that did not issue "stock." The Tax Tribunal disagreed and concluded that Swiss Farms issued the equivalent of stock and that its stockholders were entitled to occupy apartments or dwellings owned by Swiss Farms for dwelling purposes. In so holding, the Tax Tribunal reasoned:

> [T]he Tribunal is satisfied that membership can be the equivalent of stock for purposes of 26 USC 216. . . . Swiss Farms' members possess the normal and usual rights of stockholders, and their membership qualifies as stock under 26 USC 216(b)(1)(A). Further, the Tribunal agrees with [Swiss Farms'] interpretation of 26 USC 216(b)(1)(B), namely that this requirement relates to what the holders of cooperative stock or membership certificates are entitled to receive based upon their ownership, as opposed to a requirement regarding the

---

representations on appeal, these "associate members" pay this fee to essentially be "first in line" to purchase membership should one of the current members decide to sell.

purpose of the entity as Respondent contends. The Tribunal finds that under this subsection, stockholders must merely be entitled to occupy a house or apartment owned (or leased) by the corporation and that occupancy right must come solely by reason of their ownership. The Tribunal finds that [Swiss Farms'] membership satisfies this requirement, as well as those set forth in the remaining subsections. [Swiss Farms] is therefore a cooperative housing corporation within the meaning of both 26 USC 216 and MCL 211.7dd and an owner of the subject parcels within the meaning of MCL 211.7cc. As such, and inasmuch as ownership was the sole issue presented for consideration by this Tribunal, the Tribunal finds that the property is entitled to a principal residence exemption for each of the tax years at issue in this appeal.

Respondent now appeals as of right. On appeal, respondent contends that Swiss Farms is not entitled to a principal residence exemption under MCL 211.7cc and that the tax tribunal erred by concluding that Swiss Farms' constituted a cooperative housing corporation. Specifically, respondent contends that Swiss Farms cannot qualify as a cooperative housing corporation because (1) Swiss Farms does not provide homes to its members to occupy for dwelling purposes and (2) Swiss Farms does not have "one and only one class of stock outstanding."

## II. STANDARDS OF REVIEW

"This Court's authority to review a decision of the Tax Tribunal is very limited." *Mich Milk Producers Ass'n v Dep't of Treasury*, 242 Mich App 486, 490; 618 NW2d 917 (2000). In the absence of fraud, our review of a decision by the Tax Tribunal "is limited to determining whether the tribunal made an error of law or adopted a wrong principle; the factual findings of the tribunal are final, provided that they are supported by competent and substantial evidence." *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 631; 806 NW2d 342 (2011). "Substantial evidence is 'the amount of evidence that a reasonable mind would accept as sufficient to support a conclusion,' and it may be 'substantially less than a preponderance.' " *Inter-Cooperative Council v Dep't of Treasury*, 257 Mich App 219, 221-222; 668 NW2d 181 (2003), quoting *In re Payne*, 444 Mich 679, 692; 514 NW2d 121 (1994).

Statutory interpretation is a question of law that is reviewed de novo. *Inter-Cooperative Council* 257 Mich App at 222. However, "[t]his Court defers to the tribunal's interpretation of a statute that it is charged with administering and enforcing." *Id.* While tax laws are generally construed against the government, "tax-exemption statutes are strictly construed in favor of the taxing unit." *Id.* "[I]f an exemption is found to exist, it must not be enlarged by construction, since the reasonable presumption is that the State has granted in express terms all it intended to grant at all[.]" *Menard Inc v Dep't of Treasury*, 302 Mich App 467, 475; 838 NW2d 736 (2013) (quotation marks and citation omitted). Although tax-exemption statutes must be strictly construed in favor of the government, nonetheless "they are to be interpreted according to ordinary rules of statutory construction."[2] *Inter-Cooperative Council* 257 Mich App at 223.

---

[2] "The primary goal in statutory interpretation is to give effect to the Legislature's intent." *Flowers v Bedford Twp*, 304 Mich App 661, 663; 849 NW2d 51 (2014). A statute must be

Like the interpretation of statutes, the interpretation of bylaws also presents a question of law that is reviewed de novo. *Slatterly v Madiol*, 257 Mich App 242, 250; 668 NW2d 154 (2003).

### III. ANALYSIS

At issue in this case is whether Swiss Farms qualifies for a principal residence exemption, often called a "homestead exemption," see e.g., *Power v Dep't of Treasury*, 301 Mich App 226, 230-231; 835 NW2d 622 (2013), pursuant to MCL 211.7cc. The principal residence exemption under the GPTA is governed by MCL 211.7cc, which states in relevant part that:

> (1) A principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under section 1211 of the revised school code, 1976 PA 451, MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section.

Relevant to the present case, for purposes of MCL 211.7cc, the term "owner" includes, among others, "[a] cooperative housing corporation." Further, the term "principal residence" as used in MCL 211.7cc "includes property owned by a cooperative housing corporation and occupied by tenant stockholders." MCL 211.7dd(c). Thus, a "cooperative housing corporation" would be entitled to claim a principal residence exemption in relation to property owned by the corporation and occupied by tenant stockholders. See MCL 211.7cc; MCL 211.7dd.

The phrase "cooperative housing corporation" is not defined by the GPTA. However, this Court has previously considered the meaning of the phrase and determined that, for purposes of defining the phrase "cooperative housing corporation" in the GPTA, it is appropriate to look to 26 USC 216(b)(1) for a definition of "cooperative housing corporation." See *Inter Co-op Council*, 257 Mich App at 227. Pursuant to 26 USC 216(b)(1), the term "cooperative housing corporation" means a corporation:

> (A) having one and only one class of stock outstanding,
>
> (B) each of the stockholders of which is entitled, solely by reason of his ownership of stock in the corporation, to occupy for dwelling purposes a house, or an apartment in a building, owned or leased by such corporation,
>
> (C) no stockholder of which is entitled (either conditionally or unconditionally) to receive any distribution not out of earnings and profits of the corporation except on a complete or partial liquidation of the corporation, and
>
> (D) meeting 1 or more of the following requirements for the taxable year in which the taxes and interest described in subsection (a) are paid or incurred:

---

considered as a whole, and its words must be given their plain meaning. *Id*. If a statute's plain and ordinary language is unambiguous, the Legislature's intent is clear and no further judicial construction is permitted. *Id*.

(i) 80 percent or more of the corporation's gross income for such taxable year is derived from tenant-stockholders.

(ii) At all times during such taxable year, 80 percent or more of the total square footage of the corporation's property is used or available for use by the tenant-stockholders for residential purposes or purposes ancillary to such residential use.

(iii) 90 percent or more of the expenditures of the corporation paid or incurred during such taxable year are paid or incurred for the acquisition, construction, management, maintenance, or care of the corporation's property for the benefit of the tenant-stockholders.

Relying on this provision, on appeal, respondent first contends that stockholders in Swiss Farms are not entitled, solely by reason of "ownership of stock in the corporation, to occupy for dwelling purposes a house, or an apartment in a building, owned or leased by such corporation[.]" 26 USC 216(b)(1)(B). Specifically, respondent contends that, to qualify as a cooperative housing corporation, Swiss Farms must actually *provide* each stockholder with a home or apartment in which to reside and that, because Swiss Farms initially only provided vacant lots suitable for building homes, it cannot satisfy this definition. The Tax Tribunal disagreed, concluding that all that was required by 26 USC 216(b)(1)(B) is that stockholders are *entitled* to occupy a house or apartment for dwelling purposes.

Considering the plain language of 26 USC 216(b)(1)(B), we discern no error of law or adoption of a wrong legal principle in the Tax Tribunal's finding that 26 USC 216(b)(1)(B) only requires stockholders to be "entitled" to occupy a house or apartment for dwelling purposes.[3] Regarding the particular facts of this case, we defer to the Tax Tribunal's findings with respect to whether Swiss Farms' stockholders are entitled to occupy homes owned by Swiss Farms because those findings were supported by competent and substantial evidence. That is, the record shows that Swiss Farms owns "all" the property in question (thereby including any houses constructed on the property), that the land is suitable for homes and cottages, that the lots are zoned for residential use only, that homes have been built on at least some of the lots, and that the stockholders are entitled to sole use of their respective lots, which necessarily includes occupancy of any dwelling constructed on the lot. Given this record, there is competent and substantial evidence to support the Tax Tribunal's determination that stockholders are entitled, solely by reason of "ownership of stock in the corporation, to occupy for dwelling purposes a house, or an apartment in a building, owned or leased by such corporation[.]" 26 USC 216(b)(1)(B).

---

[3] See also 26 CFR 1.216-1(e)(2) ("The stockholder is not required to occupy the premises. The right as against the corporation to occupy the premises is sufficient."); IRS Rev Rul 90-35 (recognizing that a unit need not "presently contain all the facilities normally found in a principal residence" provided that the shareholder may convert the unit and that "conversion of the unit would be reasonable" and in keeping with applicable zoning laws).

On appeal, respondent also contends that Swiss Farms is not a cooperative housing corporation because it issues "membership certificates" rather than "stock" as required by 26 USC 216(b)(1)(A). The Tax Tribunal rejected this argument based on its conclusion that, in certain circumstances, membership can be equivalent to stock ownership for purposes of 26 USC 216(b)(1)(A). This conclusion does not constitute an error of law or the adoption of a wrong legal principle given that, for purposes of 26 USC 216(b)(1)(A), a nonstock corporation may constitute a cooperative housing corporation provided that the members possess "the normal and usual rights of stockholders, namely, a pro rata distribution of assets upon liquidation, participation in management by reason of electing the board of directors, and transferability of their interest." *Evans v United States*, 251 F Supp 296, 299 (D Or 1966), overruled on other grounds *United States v Evans*, 375 F2d 730, 731 (CA 9 1967), citing Rev Rul 55-316.

Moreover, factually, the Tax Tribunal conclusions in this case with regard to the membership certificates equivalency to stock were supported by competent and substantial evidence. Swiss Farms' membership certificates provide that the certificate holder "is an Active Member of Swiss Farms, Inc., and as such is the owner of an interest in all of the property and net assets of said club proportionate to its Active Membership." Further, membership may be transferred, membership passes through intestacy or testacy upon a member's death, members are given voting rights, and members are entitled to a proportionate share of Swiss Farms' assets. Cf. *Evans*, 375 F2d at 731 (defining characteristics of "stock" for purposes of 26 USC 216(b)(1)(A) and concluding that membership in that case was not stock because it expired on member's death). Because membership in Swiss Farms provides an interest in Swiss Farms and shares the characteristics commonly associated with stock, the Tribunal's finding that Swiss Farms' membership certificates are "stock" under 26 USC 216(b)(1) is supported by competent and substantial evidence.[4]

In sum, we find no error of law or adoption of wrong legal principles in the Tax Tribunal's decision. Given that there is competent and substantial evidence to support the Tax Tribunal's findings, we also uphold the Tax Tribunal's determinations that Swiss Farms satisfies the definition of "cooperative housing corporation" and that Swiss Farms is therefore an "owner" within the meaning of the GPTA. It follows that Swiss Farms is entitled to a principal residence exemption under MCL 211.7cc, and for this reason we affirm the decision of the Tax Tribunal.

---

[4] Respondent argues for the first time on appeal that, even if membership can satisfy the stock requirement found in 26 USC 216(b)(1)(A), Swiss Farms cannot be considered a cooperative housing corporation because it has more than one type of member, namely active members and associate members. Respondent also makes the unpreserved claim that Swiss Farms cannot be a cooperative housing corporation because, in exchange for their stock, members did not pay an amount "bearing a reasonable relationship to the portion of the value of the corporation's equity in the houses or apartment building and the land . . . ." See 26 USC 216(b)(2). We decline to consider these unpreserved issues because they was not raised before or addressed by the Tax Tribunal. See *Autodie, LLC v Grand Rapids*, 305 Mich App 423, 431; 852 NW2d 650 (2014).

Affirmed.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Joel P. Hoekstra