*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DICASTAL NORTH AMERICA, INC.,

UNPUBLISHED
August 22, 2024

Petitioner-Appellant,

v

No. 365333
Tax Tribunal

CITY OF GREENVILLE,

LC No. 20-003825-TT

Respondent-Appellee.

Before: REDFORD, P.J., GADOLA, C.J., and RIORDAN, J.

PER CURIAM.

In this action brought by petitioner, Dicastal North America, Inc., disputing respondent, City of Greenville's, property tax valuations for the 2020 tax year, petitioner appeals the Michigan Tax Tribunal's judgment that affirmed respondent's tax assessment on one parcel and dismissed petitioner's appeal of the tax assessments on the six remaining parcels, all of which were subject to Industrial Facility Tax (IFT) exemptions. We affirm.

## I. FACTS AND PROCEEDINGS

Petitioner manufactures wheels used in the automotive industry. In 2014, petitioner bought 92.2 acres of property in Greenville for a manufacturing facility. The property had four IFT certificates for improvements made to the property by a previous owner, and petitioner applied for and received two additional IFT certificates for new construction, improvements, and additions that it made to the property in 2015. As of tax year 2020, petitioner's property was divided into seven parcels. Parcel 59-052-693-035-20 consisted of real property that was taxed according to respondent's ad valorem property tax assessment. The remaining six parcels, IFT parcels 59-052-910-117-00, 59-052-910-120-00, 59-052-910-123-00, 59-052-910-124-00, 59-052-910-142-00, and 59-052-910-143-00, were on a separate IFT tax roll.

The tribunal conducted a four-day hearing on the petition, during which petitioner presented evidence from an appraiser in an effort to show the true cash value of the property as a whole. After the close of proofs, the tribunal allowed the parties to submit briefs to address how the tribunal should determine the true cash values of the seven individual parcels. Thereafter, the tribunal issued a written opinion and order in which it affirmed respondent's tax assessment for

parcel 59-052-693-035-20 and dismissed petitioner's challenge to the tax assessments for the six remaining IFT parcels. Petitioner now appeals.

## II. ANALYSIS

Petitioner argues that the Tax Tribunal erred by dismissing its petition challenging the tax assessments for IFT tax parcels 59-052-910-117-00, 59-052-910-120-00, 59-052-910-123-00, 59-052-910-124-00, 59-052-910-142-00, and 59-052-910-143-00. We disagree.

### A. STANDARD OF REVIEW

Our review of a Tax Tribunal's findings of fact "is limited to deciding if the tribunal's factual findings are supported by competent, material, and substantial evidence on the record." *Inter-Coop Council v Dep't of Treasury*, 257 Mich App 219, 221; 668 NW2d 181 (2003). Further, when addressing claims of legal error, "[i]n the absence of an allegation of fraud, this Court's review of a Tax Tribunal decision is limited to determining whether the tribunal committed an error of law or adopted a wrong legal principle." *Mich Milk Producers Ass'n v Dep't of Treasury*, 242 Mich App 486, 490; 618 NW2d 917 (2000). See also Const 1963, art 6, § 28. Moreover, "a Tax Tribunal decision that is not supported by competent, material, and substantial evidence on the whole record is an 'error of law' within the meaning of Const 1963, art 6, § 28." *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 388; 576 NW2d 667 (1998).

### B. THE TAX TRIBUNAL'S DUTY TO DETERMINE TRUE CASH VALUE

Petitioner argues that the tribunal erred as a matter of law by dismissing its appeal of the 2020 tax assessments for the six IFT parcels. The tribunal's specific ruling was that, viewing the evidence in a light most favorable to petitioner, petitioner did not present sufficient proof to show the true cash value of the IFT parcels or for the tribunal to make an independent determination of their true cash value.

Under MCL 205.737(3), petitioner had "the burden of proof in establishing the true cash value of the property." True cash value is

> the usual selling price at the place where the property to which the term is applied is at the time of assessment, being the price that could be obtained for the property at private sale, and not at auction sale except as otherwise provided in this section, or at forced sale. . . . [MCL 211.27(1).]

Under Michigan law, true cash value is synonymous with the property's fair market value. *Huron Ridge, LP v Ypsilanti Twp*, 275 Mich App 23, 28; 737 NW2d 187 (2007).

Once the petitioner meets the burden of establishing a property's true cash value, the respondent "has the burden of proof in establishing the ratio of the average level of assessments in relation to true cash values in the assessment district and the equalization factor that was uniformly applied in the assessment district for the year in question." MCL 205.737(3). As this Court interpreted MCL 205.737(3) in *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 631; 806 NW2d 342 (2011), "The burden of proof encompasses two concepts: (1) the burden of persuasion, which does not shift during the course of the hearing; and (2) the burden of going

forward with the evidence, which may shift to the opposing party." (Quotation marks and citation omitted.)

Because the Tax Tribunal reviews tax assessments de novo, the tribunal must make an independent determination of the true cash value of the property based on the property's highest and best use. *Menard, Inc v Escanaba*, 315 Mich App 512, 522; 891 NW2d 1 (2016). In doing so, the tribunal must determine the most accurate valuation under the circumstances. See *id*. However, the Tax Tribunal's duty to make its own independent determination of true cash value arises only when the petitioner has met its burden of going forward with evidence. *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 408-410. For that reason, if a petitioner fails to come forward with competent evidence to challenge the assessed values of the property, then the tribunal's duty to make an independent determination of true cash value is not triggered. See *id*. Moreover, this Court will not assess the credibility of witnesses, and the determination of the weight to be given the evidence is within the Tax Tribunal's discretion. *President Inn Props, LLC*, 219 Mich App at 633.

As the tribunal stated in its opinion and order, the six IFT parcels were not on the ad valorem tax roll but were instead on a special abatement tax roll because Dicastal and the prior owner applied for IFTs to pay tax on each parcel at 50% of the dollar amount spent to improve each parcel. IFT certificates are issued under the Plant Rehabilitation and Industrial Development District Act, 1974 PA 198. MCL 207.554(1) states that a local government unit may establish plant-rehabilitation districts and industrial-development districts that consist of parcels or tracts of land or portions of parcels or tracts of land. A facility may apply for an IFT tax abatement as set forth in MCL 207.555(1), and, pursuant to MCL 207.556(1), the local government unit must decide whether to approve or disapprove the application, and, if approved, the application must be forwarded to the Tax Commission. Pursuant to MCL 207.557(1), if the State Tax Commission decides that the property owner intends to restore or replace obsolete industrial property or construct new industrial property, then it must issue an IFT exemption certificate. A facility for which an IFT certificate is issued applies to industrial facilities but not land, and the IFT property covered by the certificate "is exempt from ad valorem real and personal property taxes and the lessee, occupant, user, or person in possession of that facility for the same period is exempt from ad valorem taxes . . . ." MCL 207.558.

As the tribunal recognized, MCL 207.560(1) states that, each year, the tax assessor for the government unit must determine the true cash value and the taxable value of each facility covered by an IFT. Pursuant to MCL 207.560(2), the local tax assessor must report his or her determination of these property values to the governmental unit. As the tribunal also explained, to be approved for an IFT certificate, the property is not assessed on the basis of its true cash value or market value. Instead, the value for purposes of an IFT abatement is based on the cost of improvements as reported and requested by the landowner on its IFT application. In other words, for an IFT parcel, the taxable value of each property is 50% of the cost of improvements, which then receives a 50% millage reduction for the period of each IFT.

In this case, as noted, the Michigan State Tax Commission approved the IFT applications for improvements made on six parcels of petitioner's property. However, respondent then reduced the values approved by the State Tax Commission by 20% for functional obsolescence. The tribunal asked respondent's tax assessor why Greenville made the additional 20% reduction after

the IFT abatements were approved, and he replied that he did not know because he began working as the Greenville tax assessor after the values were reduced, and he did not change those values after he took over the position.

Nonetheless, to challenge the tax assessments, it was petitioner's burden to show the true cash value of the listed parcels, and the tribunal ruled that petitioner failed to meet this burden. See *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 408-410. Petitioner submitted a valuation report of an appraiser who also testified at the tribunal hearing, but the tribunal ruled that this did not establish the true cash value of the six IFT parcels for several reasons.

Petitioner's appraiser gave one appraisal of the true cash value of the entire property. He did not know how the property was divided for purposes of the IFT certificates, and he could not identify which improvements were made to each parcel. The tribunal also ruled that there was no evidence of what improvements were made on each IFT parcel or how they could be valued individually on the basis of the true cash value of each. Further, ample record evidence supported the tribunal's conclusion that the appraiser's valuation appeared to deliberately undervalue the property as a whole and contained a significant number of errors.

The appraiser misreported the total building area on the property, as well as the square foot measurements of buildings. In his cost-less-depreciation analysis, the appraiser failed to cost out air conditioning throughout all the buildings, he substantially miscalculated the average ceiling heights in the buildings, and there did not appear to be any cost calculations for 7,500 square feet of a constructed middle connector between two of petitioner's buildings. Petitioner's appraiser also failed to include 680 square feet of garage and 6,650 square feet of open storage buildings in his cost-less-depreciation appraisal, and he valued all the buildings as light-industrial properties even though the buildings were used, in large part, for heavy manufacturing.

The tribunal also concluded that, although the appraiser believed that the sales-comparison approach was a more accurate way to find true market value, the properties that he chose were not comparable to petitioner's property, in their features, uses, or locations. Most of the comparable sales were warehouse buildings, not used for heavy manufacturing, and most differed substantially in size, ceiling height, features, and location. The appraiser also admitted that he did not visit the comparable properties, and he did not know how properties located in other states were taxed or valued.

On the basis of these findings, the tribunal ruled that it would give the appraisal "no weight and credibility due to the major flaws . . . ." As discussed, this Court will not second-guess the Tax Tribunal's decision about witness credibility and the weight it gives to the evidence because those are issues within the tribunal's sound discretion. *President Inn Props, LLC*, 219 Mich App at 633. However, our review of the record shows that the tribunal's conclusion was based on substantial and material evidence. Moreover, viewing the evidence in a light most favorable to petitioner, the tribunal could not overlook such significant flaws in the appraisal. For that reason, although petitioner complains that it met its burden by merely presenting *some* evidence to show that the true cash value of the property may have been lower than the IFT tax assessments, the tribunal did not have sufficient competent and material evidence from petitioner to accept the valuation or to make an independent determination of the true cash value of each of the six IFT parcels.

Petitioner contends that the tribunal erroneously ruled that, because the six parcels had IFT certificates, the value of those parcels had to be based on the amount that petitioner and its predecessor spent to make the property improvements. This is a misinterpretation of the tribunal's ruling.

Contrary to petitioner's assertions, the Tax Tribunal did not rule that the true cash value of the six IFT parcels had to equal the project costs as reported by petitioner or the prior owner in their IFT applications. Rather, the tribunal observed that none of the six IFT parcels were assessed according to the amounts requested in the IFT abatements. Further, the tribunal did not dismiss petitioner's appeal of the tax assessments for the six IFT parcels on the ground that petitioner could not challenge the assessments, but because petitioner failed to meet its burden of proof to go forward with evidence establishing the true cash values of the IFT parcels.

Petitioner argues that the dismissal of its challenge to the six IFT assessments was akin to an affirmation of respondent's valuations and assessments. To the contrary, the tribunal ruled that it could not give any weight to petitioner's evidence of the true cash value of the properties, and it further stated that neither party presented sufficient evidence to show which IFT certificates applied to the buildings on the property. For that reason, the only parcel for which the tribunal could make an independent evaluation of true cash value was for parcel 59-052-693-035-20 because it was an ad valorem parcel and not an IFT parcel. Again, when a party fails to come forward with competent evidence to challenge the assessed values of the properties at issue, the tribunal's duty to make an independent evaluation of taxable value is not triggered. *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 408-410. The tribunal did not simply affirm respondent's assessment, but dismissed the parcels for which it could not determine value. Under the circumstances of this case, the tribunal's conclusion that it must dismiss the petition challenging the assessments of the six IFT parcels was the only conclusion it could reach because any decision that it could make as to the value of each parcel would have been merely speculative on the basis of the evidence presented.

Affirmed.

/s/ James Robert Redford
/s/ Michael F. Gadola
/s/ Michael J. Riordan